IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. WEST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CA No. 3-19CV-2822X |
| | § | |
| ABM INDUSTRIES, INC., | § | |
| DFW INTERNATIONAL AIRPORT/F.I.C, | § | |
| AND ALLTEX STAFFING AND | § | |
| CONSULTING, LLC, | § | |
| | § | |
| Defendants. | § | |

**ALLTEX STAFFING AND CONSULTING'S[1] REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS (DOCKET NO. 35) PLAINTIFF'S FIRST AMENDED COMPLAINT (DOCKET NO. 19)**

Initially, Plaintiff's incoherent response (Docket No. 39) to AllTex's motion to dismiss (Docket No. 35) is difficult to even comprehend. Nevertheless, Defendant makes the following reply

I.

**AS A MATTER OF LAW, MUCH OF PLAINTIFF'S RESPONSE MUST BE DISREGARDED BECAUSE IT IS OUTSIDE THE PROPER SCOPE OF REVIEW FOR A RULE 12(B)(6) MOTION.**

Plaintiff's response makes a number of vague, confusing references to alleged facts outside the record, including, *e.g.*, to a purported worker's compensation claim, benefit review conference, "testimony" allegedly given in connection with a worker's compensation proceeding, *etc. See* Docket No. 39

---

[1] d/b/a Abba Staffing and Consulting (referenced herein simply as "AllTex").

(p. 2, ¶¶ 2-3). As a matter of law, all such references are utterly irrelevant and may not be considered in ruling on AllTex's motion to dismiss because they allude to matters outside the four corners of *Plaintiff's Amended Complaint* (Docket No. 19). "[T]he inquiry on a Rule 12(b)(6) motion to dismiss is whether *the face of a plaintiff's complaint* 'states a claim to relief that is plausible on its face.'" *McAlpin v. Am. Hardwoods Indus., LLC*, 2016 WL 1084139, at 2 (N.D. Miss. Mar. 17, 2016), *on reconsideration*, 2016 WL 3180106 (N.D. Miss. June 2, 2016) (emphasis added, quoting *Iqbal*, 556 U.S. 662, 678 (2009)). "A motion to dismiss pursuant to Rule 12(b)(6) is decided solely on the pleadings[.]" *Senegal v. Jefferson County, Tex.*, 1 F.3d 1238 2 (5th Cir. 1993) (*per curiam*). *Accord*, *e.g.*, *Flores v. Roma ISD*, 2017 WL 11104106, at 3 (S.D. Tex. June 1, 2017) (same, quoting *Senegal*).

## II.

### PLAINTIFF'S RESPONSE WHOLLY FAILS TO ADDRESS ANY OF THE GROUNDS ON WHICH DISMISSAL IS SOUGHT.

AllTex sought dismissal under *Fed. R. Civ. P.* 12(b)(1) and 12(b)(6) of all Plaintiff's claims for a variety of reasons. Plaintiff's response fails to address *any* of the grounds on which dismissal is sought.

#### A. FAILURE TO ALLEGE ANY ACT OR OMISSION BY ALLTEX:

AllTex has sought dismissal of all claims under Rule 12(b)(6) because the *Amended Complaint* (Docket No. 19) fails to allege *any* act or omission on the part of any of AllTex's employees or agents upon which imposition of liability could be based. Plaintiff's response fails to point to any allegation in the *Amended Complaint* to refute this ground for dismissal.[2]

---

[2] Plaintiff's response (Docket No. 39, ¶ 4) claims the "primary reason why plaintiff joined AllTex to this action" is the alleged denial of a putative worker's compensation claim and matters allegedly occurring in connection with that
*Footnote continued on next page . . .*

**B. FAILURE TO ALLEGE A BASIS FOR LIABILITY UNDER THE ADA:**

The *Amended Complaint* fails to allege any facts whatsoever to support a contention that AllTex "participate[d] in the discrimination, or if it [knew] or should have known of [ABM's alleged] discrimination but fail[ed] to take corrective measures within its control." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 229 (5th Cir. 2015). *See, e.g.*, *High v. City of Wylie, Texas*, 2019 WL 3557238, at 5 (E.D. Tex. Aug. 5, 2019) (dismissing complaint with prejudice where "[a]ll the factual allegations of discrimination arise out of conduct of the [employees of the staffing agency's client]"). Plaintiff's response makes no attempt whatsoever to address the Fifth Circuit's standard for imposing liability on a staffing agency for the alleged discriminatory conduct of the agency's client. The response does not even mention *Burton*.

**C. FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES:**

"A judicial complaint that fails to allege exhaustion of administrative remedies or that the plaintiff should for some adequate reason be excused from this requirement is properly subject to dismissal." *Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir. 1979). *Accord, e.g.*, *Ogbogu v. Navin*, 2019 WL 4307011, at 8 (N.D. Tex. Aug. 16, 2019) (dismissing TITLE VII and ADA race and disability discrimination claims for failure to plead exhaustion of remedies), *rep. and recomm. adopted*, 2019 WL 4303102 (N.D. Tex. Sept. 11, 2019); *Johnson v. U.S.*

---

*. . . footnote continued from previous page.*

alleged claim. As stated above, as a matter of law Plaintiff's contention is outside the face of the *Amended Complaint* and cannot be considered. Moreover, even if the extra-record statements in the response (Docket No. 39 (p. 2, ¶¶ 2-3)) were part of the *Amended Complaint*, as a matter of law they, too, are wholly insufficient to establish any liability under the standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) for any of the claims alleged in the *Amended Complaint*.

3

*Postal Serv.*, 2016 WL 791076, at 1–2 (N.D. Tex. Jan. 27, 2016) (dismissing TITLE VII claim for failure to state a claim where the plaintiff failed to allege exhaustion of administrative remedies); *Carr v. United Reg'l Health Care Sys., Inc.*, 2006 WL 2370670, at 2 (N.D. Tex. Aug. 16, 2006) (ADA and REHABILITATION ACT claims dismissed "because [the plaintiff] has failed to allege that he exhausted his . . . administrative remedies. . . .").

Plaintiff's *Amended Complaint* fails to allege any exhaustion of remedies against AllTex, and Plaintiff's response fails to contend otherwise.[3]

### D. FAILURE TO TIMELY FILE SUIT:

Even assuming, *arguendo*, Plaintiff exhausted administrative remedies against AllTex, the face of the *Amended Complaint* establishes that Plaintiff failed to timely file suit against AllTex. Accordingly, dismissal of Plaintiff's ADA claims is mandatory. "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety day limitation period had expired." *Crabtree v. Cyberonics, Inc.,* 2006 WL 1581971, at 2 (S.D. Tex. June 7, 2006). Plaintiff's response does not contend otherwise.

### E. LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UNDER THE STAA:

As explained in AllTex's motion, the Court lacks subject matter jurisdiction of any putative claim by Plaintiff under the STAA because the statute does not create a direct private right of action. *E.g.*, *Lewis v. DBI Services*, 2020 WL 248703, at 3 (W.D. Tex. Jan. 15, 2020); *Bell v. Rinchem Co., Inc.*, 2014 WL 11290899, at 9 n. 12 (D. Mass. Dec. 2, 2014); *Bailiff v. Davenport Transp., Inc.*, 2013 WL 6229150, at 3 (W.D.N.C. Dec. 2, 2013). Plaintiff's response does not

---

[3] Exhaustion of remedies is *mentioned* only superficially at p. 4, ¶¶ 4 and 5 of Plaintiff's response (Docket No. 39). Plaintiff makes no substantive contention that he exhausted administrative remedies *vis-à-vis* AllTex.,

**4**

contend otherwise. In fact, Plaintiff's response appears to affirmatively concede that he is not *seeking* any recovery under the STAA. *See* Docket No. 39, p. 3 (emphasis original; bold underlining added):

> Plaintiff cites Title 49 of the U.S.C. in his "amended complaint."
>
> *First and only* (p5 ¶8) to establish the employer/employee relationship (49 U.S.C.§ 31102(2),(3))
>
> *Second and only* (p18 ,21) to guard against the anticipated impugning of plaintiff's character or cause for action (49 U.S.C. §31105(a))
>
> **They are not included to seek remedy or prosecute, or to infer plaintiffs desire to bring a labor action/"STAA" as posited in AllTex's 12(b)(1) argument** (p.10 docket#35).

F. **PLAINTIFF'S CONCLUSORY CONTENTION ALLTEX IS "INDISPENSABLE" IS UTTERLY INSUFFICIENT:**

Plaintiff's response summarily contends joinder of AllTex as a defendant is "necessary" under *Fed. R. Civ. P.* 19(a)(1)(A) because AllTex is, allegedly, "indispensable to this action." Docket No. 39, p. 1. However, Plaintiff's response utterly fails to explain why or how that is so. That is, Plaintiff fails to explain in any manner how, "in [AllTex's] absence, the court cannot accord complete relief among existing parties," *i.e.*, Plaintiff and ABM. *Fed. R. Civ. P.* 19(a)(1)(A). Plaintiff's only attempt to explain the basis for joinder of AllTex appears at p. 3 of the response—in a paragraph which ends incoherently in mid-sentence: "[J]oinder to this action is to allow the Court the ability to consider any shared liability from possible coemployment [*sic*] issues, should the Court explore those issues." Docket No. 39, p. 3.[4]

---

[4] This is followed by an incoherent incomplete sentence, "How AllTex can [*sic*]" followed at the top of the next page by a new sentence and paragraph.

**5**

Plaintiff's conclusory contentions and labeling AllTex as "indispensable" are, as a matter of law, wholly insufficient to state a claim. "[A] plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *TeamLogic, Inc. v. Meredith Group IT, LLC*, 2017 WL 1837114, at 6 (N.D. Tex. May 8, 2017) (quoting Twombly, 550 U.S. at 555).

## CONCLUSIONS AND REQUESTED RELIEF

The motion to dismiss should be, in all things, **GRANTED**. Additionally, dismissal should be **WITH PREJUDICE** because the fatal defects in Plaintiff's *Amended Complaint* cannot be cured, *e.g.*, failure to exhaust remedies, failure to timely file suit, lack of a private right of action under the STAA, *etc.* Accordingly, any attempted further amendment would be futile. *See, e.g., Cornett v. Edge*, 2020 WL 890387, at 1 (N.D. Tex. Jan. 16, 2020), *rep. and recomm. adopted*, 2020 WL 888535 (N.D. Tex. Feb. 24, 2020)

> "Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" [citations omitted]. But leave to amend is not required where an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

*Accord, e.g., Smith v. Mortgage Elec. Registr. Sys., Inc.*, 2019 WL 4648263, at 6 (N.D. Tex. Aug. 30, 2019) (recommending dismissal with prejudice where suit was barred by *res judicata* and, therefore, amendment would have been futile), *rep. and recomm. adopted*, 2019 WL 4643678 (N.D. Tex. Sept. 24, 2019); *Ransom v. Nat'l City Mortg. Co.*, 2014 WL 717198, at 6 (N.D. Tex. Feb. 25, 2014) ("Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal[,]" but it is not required where "granting leave to amend would be futile and cause needless delay.").

**6**

Respectfully Submitted,

*/s/ John L. Ross*
**JOHN L. ROSS**[5]
Texas State Bar No. 17303020

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**
700 North Pearl Street
Suite 2500
Dallas, Texas 75201
Telephone:  (214) 871-8206
Fax:            (214) 871-8209
Email:         jross@thompsoncoe.com

**ATTORNEY FOR ALLTEX STAFFING AND CONSULTING D/B/A ABBA STAFFING AND CONSULTING**

## CERTIFICATE OF SERVICE

Pursuant to *Fed. R. Civ. P.* 5(b)(2)(E) and (b)(3), I certify a true and correct copy of the foregoing document was filed electronically on the 6th day of April, 2020. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ John L. Ross*
**JOHN L. ROSS**

---

[5] Board Certified in Labor & Employment Law and Civil Trial Law by the Texas Board of Legal Specialization.